**Egner Arthur EKLUND, Appellant,**

v.

**Miriam Del Carmen MORA, a minor by Next Friend, Antonia Judith Mora, Appellee.**

**No. 26350.**

**Summary Calendar.**

United States Court of Appeals Fifth Circuit.

April 21, 1969.

Frank S. Normann, Thomas E. Guilbeau, Normann & Normann, New Orleans, La., for appellant.

Albert J. Joyce, Jr., Balboa, Canal Zone, John D. Goodwin, Shreveport, La., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Appellant raises only one point on this appeal, whether the trial court erred in denying his motion to vacate judgment.[1] The basis of the motion was that the trial court lacked jurisdiction over the subject matter because appellee, a resident of the Republic of Panama, sought to bring her action under a statute which is limited to residents of the Canal Zone. The statute is set out in pertinent part in the margin.[2] Appellee filed her original complaint under subdivision (a) (1).

The district court ruled that appellant's motion was untimely, coming at the end of the trial and after judgment, and granted appellee leave to amend the complaint to correct the jurisdictional flaw.[3]

While we agree with appellant that the motion was not untimely, see C. Wright, Federal Courts § 7, at 14–16 (1963), we affirm the ruling of the district court. Upon leave of the court a party may amend defective allegations of jurisdiction, even after judgment has been entered or an appeal taken. Finn v. American Fire & Casualty Co., 207 F.2d 113 (5th Cir. 1953); 28 U.S.C.A. § 1653; Fed.R.Civ.P. 15. In *Finn* this court held that where a first trial was free from error apart from a jurisdictional matter, a new trial was not mandatory and judgment could be entered on the original verdict after the correction of the jurisdictional flaw by the dismissal of a nondiverse defendant.

The judgment of the district court is Affirmed.

---

1. Pursuant to Rule 18 of the Rules of this Court, this case has been put on the summary calendar for disposition without oral argument. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804; Floyd v. Resor, 5 Cir. 1969, 409 F.2d 714.

2. Canal Zone Code, tit. 8, § 461:
"(a) An action pursuant to this subchapter may be brought by:
(1) a female resident of the Canal Zone who has delivered an illegitimate child or who is pregnant with a child which, if born alive, would be illegitimate; or
(2) an illegitimate child or, if the illegitimate child is a minor or otherwise incompetent, his next friend. * * *"

3. Subdivision (a) (2) allows a suit by the child or his next friend, if the child is a minor. It is not limited to residents of the Canal Zone. *See supra* note 1. Appellee was allowed to amend her complaint to make the suit into an action by her as next friend for the child.