Allen A. GREENBERG, d/b/a Allen Greenberg & Associates, Plaintiff-Appellant,

v.

GENERAL MILLS FUN GROUP, INC., Defendant-Appellee.

No. 72–3793

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

May 7, 1973.

* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, 5 Cir. 1970, 431 F.2d 409, Part I.

Brenda M. Abrams, Miami, Fla., for plaintiff-appellant.

Richard B. Adams, James G. Etheredge, Miami, Fla., for defendant-appellee.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

PER CURIAM:

This is an appeal from the granting of judgment on the pleadings and final summary judgment in a contract case. Finding that the contract upon which judgment was granted is ambiguous and that therefore the case should have gone to the jury, we reverse.

Plaintiff-appellant, Allen A. Greenberg, is an inventor of toys. On July 25, 1969, he entered into a contract with Rainbow Crafts, Inc. (RCI), the predecessor in interest of defendant-appellee, General Mills Fun Group, Inc., whereby RCI agreed to pay plaintiff fifteen thousand dollars in exchange for his development of a line of toys to be purchased by RCI at a later date. Under this contract, plaintiff was obligated to provide plans for at least three but no more than five toys, which RCI could accept or reject at its option. The contract further provided that:

> "RCI shall perform all engineering work required to complete development of the toys accepted by it. In the event that a toy appears not to be technically feasible as a result of such engineering work, Greenberg shall provide consulting services at reasonable times at no charge. . . .
>
> ". . . .
>
> "In the event that the line of toys developed under this agreement does not produce at least two million dollars ($2,000,000.) in sales during the first twelve (12) months of sales, measured from the date of the first sale by RCI, Greenberg shall return the fifteen thousand dollars ($15,000.-00) to RCI."

RCI eventually accepted five toys submitted by plaintiff. On October 7, 1969, agreements were entered into between the parties with respect to each of the five toys selected. Each of these agreements was completely separate from the July 25 contract.[1]

Defendants ultimately manufactured only four of the five toys developed and accepted pursuant to the July 25 contract. When total sales of the four toys failed to reach two million dollars, defendant demanded that plaintiff return the fifteen thousand dollars consideration for developing the toys, claiming that plaintiff was required to do so by the July 25 contract. Plaintiff refused and contended that the July 25 contract required defendant to manufacture all

---

1. Clause VI of the October 7 agreements provided:

 "This instrument represents the entire agreement of the parties as to the sale of this toy, and it is a completely separate contract from the Agreement between the parties of July 25, 1969, even though this instrument accompanied it as Exhibit A. Any breach of the July 25, 1969 agreement shall in no way effect rights and duties of the parties hereunder."

five toys developed by plaintiff and accepted by defendant and that the failure of defendant to manufacture all five toys caused sales to fall below two million dollars. Defendant then withheld fifteen thousand dollars from royalties due under the October 7 agreements.

Plaintiff commenced this diversity action in the United States District Court alleging that defendant violated the July 25 contract by failing to develop all five toys that it accepted, and that defendant also violated the October 7 agreements by withholding royalties. Defendant counterclaimed, alleging that plaintiff breached the July 25 contract by refusing to return the fifteen thousand dollars when sales of the toys fell below two million dollars. Plaintiff moved for partial summary judgment on the October 7 agreements, and defendant moved for judgment on the pleadings. The District Court granted plaintiff's motion for partial summary judgment, ruling that he was entitled to fifteen thousand dollars due under the October 7 agreements. The District Court also granted defendant's motion for judgment on the pleadings and entered final summary judgment, ruling that:

"[T]he mutual obligations imposed upon the parties by the contracts herein are offsetting, [and] the Court finds that neither parties shall recover from the other, and each party shall bear its own expenses and costs, and that this case be and is, hereby dismissed with prejudice."

■ Plaintiff argues that the District Court erred in granting defendant's motion for judgment on the pleadings because the July 25 contract contains latent ambiguities concerning defendant's obligation to produce the toys accepted by it that can only be resolved by a factual inquiry into the intent of the parties. We agree.

■ A motion for judgment on the pleadings, like a motion for summary judgment, should be granted only if there is no issue of material fact and if the pleadings show that the moving par-

ty is entitled to prevail as a matter of law. J. M. Blythe Motor Lines Corp. v. Blalock, 5 Cir. 1962, 310 F.2d 77; Stanton v. Larsh, 5 Cir. 1957, 239 F.2d 104; Austad v. United States, 9 Cir. 1967, 386 F.2d 147; Franklin Nat. Bk. v. Krakow, D.D.C.1969, 295 F.Supp. 910; see also 2A Moore's Federal Practice § 12.15; Wright & Miller, Federal Practice and Procedure: Civil § 1368. We find that the provision of the July 25 contract, which was drafted by RCI, stating that "RCI shall perform all engineering work required to complete development of the toys accepted by it," when read in juxtaposition with the provision that:

"In the event that the line of toys developed under this agreement does not produce at least two million dollars ($2,000,000.) in sales during the first twelve (12) months of sales, measured from the date of the first sale by RCI, Greenberg shall return the fifteen thousand dollars ($15,000.00) to RCI,"

evinces a facial ambiguity as to whether defendant was required to develop and market all of the toys accepted under the July 25 contract. This ambiguity could be clarified only by the introduction of evidence from which the finder of fact could determine the true intent of the parties. See Matthews v. Drew Chemical Corp., 5 Cir. 1973, 475 F.2d 146; International Erectors, Inc. v. Wilhoit Erectors and Rental Service, 5 Cir. 1968, 400 F.2d 465.

Defendant contends that judgment on the pleadings and final summary judgment were proper because the October 7 agreement, which had been appended in outline form as an exhibit to the July 25 contract, demonstrates that the parties anticipated the possibility that one or more of the toys presented by plaintiff would be accepted but not manufactured by RCI. The clause relied on by defendant provides:

"In the event that it is technically feasible for RCI to complete the development of the toy for sale, but nevertheless, there are no sales of the toy by RCI by December 31, 1970, Green-

berg shall be under no obligation to return any advances against royalties to RCI, which may have been paid by RCI to Greenberg."

We do not find this clause dispositive of the facial ambiguity contained in the July 25 agreement, since it deals only with the potential that a toy would generate no sales, not that a toy would not be manufactured. Defendant was entitled to a judgment on the pleadings only if it was not required to manufacture all toys accepted pursuant to the July 25 contract. We find that the July 25 contract is facially ambiguous in that regard, and that therefore the District Court should have let the jury determine (1) whether the parties intended to require defendant to manufacture all the toys it accepted pursuant to the July 25 contract or (2) whether the parties intended that the manufacture of all toys accepted would be a condition precedent to plaintiff's returning the fifteen thousand dollars if sales fell below two million dollars.

Reversed.