ILLINOIS CENTRAL GULF RAILROAD COMPANY, Plaintiff,

v.

PARGAS, INC., Defendant-Appellant,

v.

UNION TANK CAR CO., Third Party Defendant-Appellee.

No. 82–3642

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 6, 1983.

---

269 (4th Cir.1976), *cert. denied,* 429 U.S. 920,　97 S.Ct. 314, 50 L.Ed.2d 286 (1977).

Charles A. O'Brien, III, Baton Rouge, La., for defendant-appellant.

Stephen K. Conroy, Metairie, La., for third-party defendant-appellee.

Before GEE, RANDALL and TATE, Circuit Judges.

RANDALL, Circuit Judge:

This case arises out of the leakage of liquefied petroleum gas onto the tracks of the Illinois Central Gulf Railroad from a tank car owned by the defendant-third par-

ty plaintiff, Pargas, Inc., and "retrofitted" by the third-party defendant, Union Tank Car Company. The railroad has already settled its claim for some $40,000 in damages with Pargas and is no longer interested in the case. The only question the two remaining parties have asked us to decide is whether Pargas may recover that money in a third-party suit against Union Tank. Although the district court answered this question in the negative, we do not reach the merits of the question presented. On our own motion, we determine that the pleadings do not properly invoke the subject matter jurisdiction of the federal courts and that the case must be remanded in order to afford the parties an opportunity to correct the defect, if they can, under 28 U.S.C. § 1653 (1976).

The facts are not in dispute and may be found in the district court's opinion. *See* 526 F.Supp. 209 (M.D.La.1981). The sole contention presented in the railroad's original complaint in this case was that Pargas owed it reimbursement for its $40,000 or so in damages according to the "terms and the conditions of the Association of American Railroads Interchange Rules, to which both [the railroad] and Pargas" have subscribed. (The AAR is an association of private concerns, and is not a governmental agency.) The sole substantial issue in Pargas's third-party complaint—the issue with which the parties have presented us on this appeal—concerns the legal consequences under Illinois law of the liability disclaimer in article 7 of the tank car retrofitting contract between Pargas and Union Tank.[1] Pargas argues that the disclaimer "of all indirect, special or consequential damages" is not broad enough to cover damages to the property of third parties (the railroad's tracks)

caused by Union Tank's own negligence; Union Tank argues that, under the particular circumstances of this case, an Illinois court would hold that it is broad enough.

The railroad's complaint asserted jurisdiction under one of the special federal question jurisdictional statutes, 28 U.S.C. § 1337. That statute gives the federal courts jurisdiction over all cases "arising under any Act of Congress regulating commerce." 28 U.S.C.A. § 1337(a) (West Supp. 1983). Presumably because the third-party action was ancillary to the principal suit filed by the railroad, Pargas' third-party complaint against Union Tank asserted no independent basis for federal jurisdiction. Before the case had proceeded very far beyond these technical preliminaries, however, Union Tank successfully moved on the pleadings for a judgment declaring that it would not be liable to Pargas even if Pargas was found to be liable to the railroad. The railroad then settled its suit against Pargas and consented to having its first-party suit dismissed with prejudice. Pargas has filed a timely appeal from the judgment on the pleadings dismissing its third-party suit against Union Tank.

Because "the trial court," as we noted in a similar case decided less than a year ago, "failed to indicate the basis upon which it presumed to exercise subject matter jurisdiction[,] . . . the task falls to this Court to determine whether th[is] third-party claim[ ] properly come[s] within the scope of the federal courts' limited jurisdiction." *Joiner v. Diamond M Drilling Co.,* 677 F.2d 1035, 1038 (5th Cir.1982). We have raised the issue on our own motion, and have invited the two remaining parties, Union Tank and Pargas, to submit supplemental briefs on that question. We now decide the

---

1. The full text of article 7 is set out in the district court's opinion. In pertinent part, it provides:

   Union warrants that the cars . . . will be free from defects in material and workmanship. The obligation of Union under this warranty shall be limited to repairing or replacing . . . any [defective] part or parts . . . . THIS WARRANTY IS EXPRESSLY IN LIEU OF ALL OTHER WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY WARRANTY

OF MERCHANTABILITY OR THAT THE CARS ARE FIT FOR ANY PARTICULAR PURPOSE OR USE, AND SPECIFICALLY IN LIEU OF ALL INDIRECT, SPECIAL OR CONSEQUENTIAL DAMAGES.

526 F.Supp. at 211. The parties have agreed that a federal court interpreting this provision would be bound by Illinois law. Article 9 of the contract provides, "This Agreement shall be governed by and construed in accordance with the laws of the State of Illinois."

case on the basis of subject matter jurisdiction. We consider, first, commerce-clause jurisdiction under section 1337, and second, diversity jurisdiction under 28 U.S.C. § 1332 (1976).

Jurisdictional pleadings are governed by rule 8 of the Federal Rules of Civil Procedure. That rule provides:

A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain . . . a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it.

Fed.R.Civ.P. 8(a). Whether jurisdiction is based on diversity of citizenship or upon a federal question—and even though a particular statute or rule need not necessarily be cited by name—it is generally agreed that "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly

and cannot 'be established argumentatively or by mere inference.' " [2]

■ We find no commerce-clause or other federal question in this case, and the pleadings set out no facts that would lead us to believe that there is one. No part of this case "arises under" federal law within the meaning of either section 1337 or 28 U.S.C. § 1331 (Supp. V 1981). Even the most liberal of the various tests that the Supreme Court has used to determine the statutory meaning of "arising under"— whether the complaint shows "that the right to relief depends upon the construction or application of the Constitution or laws of the United States"—is not satisfied in this case.[3] Both the first-party action between the railroad and Pargas and the third-party action between Pargas and Union Tank are founded in contract: the first-party action depends upon the AAR rules, and the third-party action upon article 7 of the tank car contract. Federal law appears not to be implicated even indirectly.[4]

**2.** 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1206, at 78–79 (1969 & Supp.1983) (citations omitted); *accord, Pan American Petroleum Corp. v. Superior Court,* 366 U.S. 656, 663, 81 S.Ct. 1303, 1307, 6 L.Ed.2d 584 (1961) ("It is settled doctrine that a case is not cognizable in a federal trial court, in the absence of diversity of citizenship, unless it appears from the face of the complaint that determination of the suit depends upon a question of federal law.") (citation omitted); *Thomas v. Board of Trustees,* 195 U.S. 207, 210, 25 S.Ct. 24, 25, 49 L.Ed. 160 (1904) (diversity jurisdiction, "or the facts upon which in legal intendment it rests, must be distinctly and positively averred in the pleadings or should appear affirmatively and with equal distinctness in other parts of the record"); *Joiner v. Diamond M Drilling Co.,* 677 F.2d 1035, 1039 (5th Cir.1982) ("In order to adequately establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of incorporation *and* its principal place of business.") (emphasis in original). *See also Aguirre v. Automotive Teamsters,* 633 F.2d 168, 174 (9th Cir.1980) ("If facts giving the court jurisdiction are set forth in the complaint, the provision conferring jurisdiction need not be specifically pleaded.") (citation omitted); *Continental Casualty Co. v. Canadian Universal Ins. Co.,* 605 F.2d 1340, 1343 (5th Cir.1979) (same, where diversity not specifically pleaded but where "diversity jurisdiction is evident from the face of the complaint"), *cert.*

denied, 445 U.S. 929, 100 S.Ct. 1317, 63 L.Ed.2d 762 (1980).

**3.** *Smith v. Kansas City Title & Trust Co.,* 255 U.S. 180, 199, 41 S.Ct. 243, 244, 65 L.Ed. 577 (1921). *Compare* P. Bator, P. Mishkin, D. Shapiro & H. Wechsler, *Hart and Wechsler's The Federal Courts and The Federal System* 886 (1973) (suggestion that *Smith* retains its usefulness), *with* C. Wright, *Handbook of the Law of Federal Courts* § 17, at 67 (1976) (suggestion that *Smith* more probably represents a highwater mark than a generally applicable rule).

**4.** The original appellate briefs in this case assumed without discussion that federal jurisdiction had been properly invoked. Neither brief cited any federal statutes or rules since the only issue, in the words of appellant Pargas, was "[w]hether [p]aragraph 7 of the contract between Pargas . . . and Union Tank . . . insulates and protects Union Tank . . . from damage claims by third parties." Pargas's Original Brief at 1. When we raised the issue of subject matter jurisdiction on our own motion and asked the parties to submit supplemental briefs, Union Tank asserted that no federal statutes or rules apply. Pargas stated only that "certain specific provisions of the Code of Federal Regulations would seem applicable in that they regulate the inspection of tank cars, 49 C.F.R. § 174.9, and regulate [the] qualification, maintenance, and use of tank cars, 49 C.F.R. § 173.31." We have read these regulations as

The parties essentially concede that section 1337 was invoked erroneously.[5] They both insist, however, that we should retain jurisdiction over the case because the pleadings affirmatively show that the citizenship of the railroad is diverse from that of Pargas (in which case Pargas and Union Tank might properly invoke the ancillary jurisdiction of the federal courts)[6] and that Pargas and Union Tank are diverse (in which case the third-party suit could remain in federal court independently).[7] We disagree with both contentions.

 The federal diversity statute provides that the district courts have original jurisdiction over all civil actions between "citizens of different States," and that a corporation is a "citizen of any State by which it has been incorporated *and of the State where it has its principal place of business.*" 28 U.S.C. § 1332 (emphasis add-

ed). Thus, a complaint properly asserting diversity jurisdiction must state both the state of incorporation *and* the principal place of business of each corporate party. This much is beyond dispute.[8]

 The railroad's first-party complaint against Pargas does not meet this test. After stating that the Illinois Central Gulf Railroad, as its name implies, is an Illinois corporation "with its principal place of business in the State of Illinois" and that Pargas is a Maryland corporation, the complaint goes on to allege only that Pargas has "its registered office in Waldorf, Maryland." The term "registered office" is a generally recognized legal term of art defined, among other places, in section 12 of the Model Business Corporation Act: a "registered office" is simply the place where service of process can be made upon a corporation's registered agent.[9] It has

---

well as others in subchapter C ("Hazardous Materials Regulations"), 49 C.F.R. §§ 171–179, and those in chapter II ("Railroad Administration, Department of Transportation"), 49 C.F.R. §§ 200–268, and we cannot see how this case— in its present posture—would involve any of them.

**5.** Pargas states in its supplemental brief, "The assertion of jurisdiction under 28 U.S.C. § 1337 was in error and was intended to be under 28 U.S.C. § 1332...." Supp. Brief at 4. Union Tank similarly comments:

> In the matter *sub judice,* there were no allegations by plaintiff, Illinois Central, pertaining to the Interstate Commerce Act much less any other federal statute, rule, or regulation.
>
> ....
>
> [T]his appeal [involves only the] construction of a private contract entered between these corporate parties. Hence, there may or may not be subject matter jurisdiction under either 28 U.S.C. § 1337 or § 1331.

Supp. Brief at 3.

**6.** *See Fawvor v. Texaco, Inc.,* 546 F.2d 636, 638 (5th Cir.1977) ("Under [Fed.R.Civ.P. 14], where there is diversity between the plaintiff and the defendant, the defendant may implead a third-party of the same citizenship as the plaintiff."); 6 C. Wright & A. Miller, *supra* note 2, § 1444, at 223–24 (1971) ("The cases on point almost all hold that defendant's claim against a third-party defendant is within the ancillary jurisdiction of the federal courts.").

**7.** *See Waste Systems, Inc. v. Clean Land Air Water Corp.,* 683 F.2d 927, 930 (5th Cir.1982)

("When the main action is dismissed for lack of subject matter jurisdiction, jurisdiction over the ancillary claims *without an independent basis of federal jurisdiction* also fails.") (emphasis added); 6 C. Wright & A. Miller, *supra* note 6, § 1444, at 215–16.

**8.** *Joiner, supra* note 2, 677 F.2d at 1039. The official form for the "allegation of jurisdiction" provides blanks for the principal places of business of corporate parties; the Advisory Committee's comment explains, "An allegation regarding the principal place of business of each corporate party must be made in addition to an allegation regarding its place of incorporation." Fed.R.Civ.P. app. Form 2.

**9.** Section 12 of the Model Act provides:

> *Registered Office and Registered Agent.* Each corporation shall have and continuously maintain in this State:
>
> (a) A registered office which may be, but need not be, the same as its place of business.
>
> (b) A registered agent, which agent may be either an individual resident in this State whose business office is identical with such registered office, or a domestic corporation, or a foreign corporation authorized to transact business in this State, having a business office identical with such registered office.

Model Business Corp. Act § 12 (1980). There appear to be, in any event, no "registered offices" in Maryland because the Maryland Corporations and Associations Code, although substantially based in many respects on the Model Act, has substituted the term "principal office."

nothing to do with the corporation's "principal place of business." Federal jurisdiction over the first-party suit therefore fails, and with it, ancillary jurisdiction over the third-party claim. *See Local Division 732, Amalgamated Transit Union v. Metropolitan Atlanta Rapid Transit Authority,* 667 F.2d 1327, 1345 n. 33 (11th Cir.1982) (stating the Fifth Circuit rule).

█ There is also no independent jurisdiction over the third-party claim. Pargas states neither its own principal place of business, nor that of Union Tank. Union Tank's answer admits only that it is a Delaware corporation "doing business in the State of Louisiana." "Doing business" is not the same thing as "principal place of business." A company can do business in many states, but it only has one principal place of business, *see e.g.,* S.Rep. No. 1830, 85th Cong., 2d Sess. 4–5 (1958), *reprinted in* 1958 U.S.Code Cong. & Ad.News 3099, 3102. Independent diversity jurisdiction over the third-party claim therefore also fails.

The pleadings, in short, do not reveal whether there is (or is not) subject matter jurisdiction. We therefore remand this case to give the district court an opportunity to invite the parties to file appropriate motions under 28 U.S.C. § 1653 (1976), which permits "amend[ments] [to] defective allegations of jurisdiction, even after judgment has been entered or an appeal taken." [10] If, after filing appropriate findings of fact and conclusions of law, the district court finds that the amended pleadings properly invoke the jurisdiction of the federal courts, the case will be referred to this panel for disposition. If, on the other hand, the amendments show that there is no subject matter jurisdiction, the district court must, of course, vacate its judgment and dismiss the action.

The parties shall bear equally the costs of this appeal. The case is REMANDED for proceedings consistent with this opinion.

*See* Md.Corps. & Ass'ns Code Ann. §§ 1–101(q), (r), 1–401, 2–108 (1975 & Supp.1982).

10. *Eklund v. Mora,* 410 F.2d 731, 732 (5th Cir. 1969); *accord, Joiner v. Diamond M Drilling Co.,* 688 F.2d 256, 259 & n. 3, 264–65 (5th Cir.1982); *United States v. Haymes,* 610 F.

309, 316 (5th Cir.1980); *American Motorists Ins. Co. v. American Employers' Ins. Co.,* 600 F.2d 15, 16 (5th Cir.1979); 6 C. Wright & A. Miller, *supra* note 6, § 1474, at 378–79 (1971 & Supp.1983). *See also* Fed.R.Civ.P. 15(a).