ILLINOIS CENTRAL GULF RAILROAD COMPANY, Plaintiff,

v.

PARGAS, INC., Defendant-Third-Party Plaintiff-Appellant,

v.

UNION TANK CAR CO., Third-Party Defendant-Appellee.

No. 83-3653
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Jan. 12, 1984.

Charles A. O'Brien, III, Baton Rouge, La., for defendant-third-party plaintiff-appellant.

Stephen K. Conroy, Metairie, La., for third-party defendant-appellee.

Breazeale, Sachse & Wilson, Baton Rouge, La., for other interested parties.

Before GEE, RANDALL and TATE, Circuit Judges.

PER CURIAM:

This case arises out of the leakage of liquified petroleum gas onto the tracks of the Illinois Central Gulf Railroad from a tank car owned by the plaintiff, Pargas, Inc., and partially built by the defendant, Union Tank Car Company. The railroad has already settled its claim for some $40,000 in damages with Pargas. The only question before us today is whether Pargas may recover that money in a third-party suit against Union Tank. The district court answered that question in the negative, and we affirm.

This case comes before this court for the second time. In our prior opinion, reported at 706 F.2d 633 (5th Cir.1983), we did not reach the merits of the questions presented by the parties; we, instead, on our own motion, determined that the pleadings did not properly invoke the subject matter jurisdiction of the federal courts and remanded the case to the district court in order to afford the parties the opportunity to correct any defect, under 28 U.S.C. § 1653 (1976). On remand, Pargas amended its third-party complaint to allege jurisdiction in diversity under 28 U.S.C. § 1332 (1976). The district court then determined that it had independent diversity jurisdiction over the third-party action and reinstated its prior judgment. Because the pleadings now properly invoke the subject matter jurisdiction of the federal courts,[1] we may now proceed to the merits of this appeal.

The facts are not in dispute and may be found in the district court's opinion. See 526 F.Supp. 209 (M.D.La.1981). The only issue on this appeal concerns the legal consequences under Illinois law of the liability disclaimer in article 7 of the contract between Pargas and Union Tank.[2] Pargas argues that the disclaimer "of all indirect, special or consequential damages" is not broad enough to cover damages to the property of third parties (the railroad's tracks) caused by Union Tank's own negligence; Union Tank argues that, under the particular circumstances of this case, an Illinois court would hold that it is broad enough. For the reasons given in the thorough opinion of the district court, we agree with Union Tank. We write here only to deal with those of Pargas's arguments on this appeal that appear not to have been directly addressed below.

1. In our prior opinion, we found that Pargas's complaint failed properly to allege diversity jurisdiction in that it did not state both the state of incorporation *and* the principal place of business of each corporate party. This defect was corrected in Pargas's amended complaint.

2. The full text of article 7 is set out in the district court's opinion. In pertinent part, it provides:

Union warrants that the cars ... will be free from defects in material and workmanship. The obligation of Union under this warranty shall be limited to repairing or replacing ... any [defective] part or parts .... THIS WARRANTY IS EXPRESSLY IN LIEU OF ALL OTHER WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY WARRANTY OF MERCHANTABILITY OR THAT THE CARS ARE FIT FOR ANY PARTICULAR PURPOSE OR USE, AND SPECIFICALLY IN LIEU OF ALL INDIRECT, SPECIAL OR CONSEQUENTIAL DAMAGES.

526 F.Supp. at 211. The parties have agreed that *in interpreting this provision, we are bound by Illinois law.* Article 9 of the contract provides, "This Agreement shall be governed by and construed in accordance with the laws of the State of Illinois."

Pargas advances essentially two arguments. First, it argues that article 7 only limits contractual remedies, *see* Ill. Ann.Stat. ch. 26, § 2–719(3) (Smith-Hurd 1963) (Ill.UCC) ("[c]onsequential damages may be limited"), and thus does not affect claims based on negligence.[3] While we are satisfied that Pargas has accurately stated the general rule, *see* 2A L. Frumer & M. Friedman, *Products Liability* § 19.07[1], at 5–174 to –178 (1982), we are also satisfied that the Illinois courts do not and would not here follow that general rule. *See Jig the Third Corp. v. Puritan Marine Insurance Underwriters Corp.*, 519 F.2d 171, 177 n. 7 (5th Cir.1975) (noting the divergence of "[o]ther states, such as Illinois" from the general or "clear and unequivocal" rule). Unlike most states, Illinois does *not* require "a specific reference to 'negligence' or its cognates" in a contractual disclaimer provision. *Berwind Corp. v. Litton Industries, Inc.*, 532 F.2d 1, 4 (7th Cir.1976). Instead, an Illinois court will follow the "rule of interpretation which requires that [an] agreement be given a fair and reasonable interpretation based upon a consideration of all of its language and provisions." *Tatar v. Maxon Construction Co.*, 54 Ill.2d 64, 67, 294 N.E.2d 272, 273–74 (1973).

Here, two commercially sophisticated parties signed a typewritten contract for $1.1 million worth of modifications to 126 railroad cars over a three-and-one-half-year term, and, as the Seventh Circuit has observed, "[i]n the evaluation of forseeable commercial risks, Illinois seems to attach greater importance to the commercial interest in certainty than to the policy of deterring negligence." *Gates Rubber Co. v. USM Corp.*, 508 F.2d 603, 614 (7th Cir.1975). Pargas makes no claim that Union Tank has overreached, or that there was any disparity between them in bargaining power or business sophistication. In the words of the district court, "[t]he contract is clear that Union intended to limit its liability for

damages relating to [its work] and that it has done so." 526 F.Supp. at 212. In interpreting a contract of this kind in a case such as this, we do not think that an Illinois court applying Illinois law would strain to create a "negligence" loophole. *See Gates, supra*, 508 F.2d at 616 n. 36 ("We agree with [the] conclusion below that there is no reason to read a negligence exception into the plain language of [Ill.Ann.Stat. ch. 26, § 2–719(3) ]."). We, of course, are precluded from reaching any different result. *See* note 2, *supra*.

Pargas's second argument is equally unpersuasive. According to Pargas, article 7 "does not exclude damages suffered by third persons as a result of the negligence of Union Tank or its employees" partly because the railroad would have been "entitled to bring a direct action against Union Tank and this ... provision would be of no benefit to Union Tank in escaping liability." Brief for Pargas at 7. The real issue, in Pargas's view, "is whether [article 7] applies also to claims by third persons for their losses." *Id.* at 8. We, on the other hand, cannot see how what "might have been," had the railroad chosen to sue Union Tank directly, could affect the outcome of the present case. The railroad has not proceeded against Union Tank, and we are disinclined to treat this case as though it had. All that we are required to determine is how—in a suit solely between Pargas and Union Tank—article 7 settled the rights and liabilities of the contracting parties.

When the case is viewed in that light, we think it clear that Union Tank should not be liable to Pargas for the damages here at issue. "[T]he Illinois Supreme Court," according to the Seventh Circuit, "would regard the theoretical basis for [a] claim, whether advanced in tort or contract, as less significant than the nature of the transaction which gave rise to it." *Gates, supra*, 508 F.2d at 614 (citing *Cerny-Pickas & Co. v. C.R. Jahn Co.*, 7 Ill.2d 393, 131 N.E.2d 100 (1955) (Schaefer, J.)). The na-

---

**3.** The commentators seem to have endorsed this view. *See, e.g.,* Special Project, *Article Two Warranties in Commercial Transactions*, 64 Cornell L.Rev. 30, 231 (1978) ("A careful seller will draw his remedy limitation [under UCC § 2–719(c)] to corral *all* warranty breaches. And the truly cagey seller might extend the limitation to claims based on negligence or strict tort liability.") (emphasis in original) (footnote omitted).

ture of the transaction giving rise to the present suit is, we think, contractual. Union Tank disclaimed liability for "all ... consequential damages," and under the applicable Illinois statute consequential damages include "injury to ... property proximately resulting from any breach of warranty." Ill.Ann.Stat. ch. 26, § 2–715(2)(b) (Smith-Hurd 1963) (Ill.UCC). We agree with the district court that the two contracting parties made it "clear that it was [their] intent ... to shift the risks of loss." 526 F.Supp. at 212. We can find no reason—and Pargas has presented us with none—why that intent, adequately expressed in the contract, should not control the outcome of the present litigation.[4]

The judgment of the district court is therefore AFFIRMED.

See also 531 F.Supp. 334.

---

4. Pargas asserts that *Berwind, supra,* 532 F.2d at 1, mandates a different result. For two reasons, we disagree. First, *Berwind* concerned the interpretation of a warranty provision printed on the back of the seller's price quotation form, and, as *Berwind* itself observed, an Illinois court will construe exculpatory clauses "most strongly against their maker ... especially ... when printed upon the [maker's] form." 532 F.2d at 4 (citations omitted). The present case concerns a negotiated, typewritten contract. Second and most important, *Berwind* failed to take full account of the divergence of Illinois from the general or "clear and unequivocal" rule—a divergence that the Fifth Circuit has already had occasion to comment upon. Compare *Jig the Third, supra,* 519 F.2d at 177 n. 7 (noting failure of Illinois to follow general rule as expounded in leading New York case of *Willard Van Dyke Productions, Inc. v. Eastman Kodak Co.,* 12 N.Y.2d 301, 189 N.E.2d 693, 239 N.Y.S.2d 337 (1963)), with *Berwind, supra,* 532 F.2d at 5–7 (relying on New York and other cases as though their principles would apply without modification in Illinois).