**Norman T. STRAIN, d/b/a Trans Texas Tire, Plaintiff-Appellee Cross-Appellant,**

v.

**HARRELSON RUBBER COMPANY, Defendant-Appellant Cross-Appellee.**

No. 84–1219
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 1, 1984.

Brown, Herman, Scott, Dean & Miles, Grant Liser, Larry E. Cotten, Fort Worth, Tex., for plaintiff-appellee cross-appellant.

---

Ferguson & Dulick, James Erwin Ferguson, Harry Louie Dulick, Cleburne, Tex., for defendant-appellant cross-appellee.

Before WILLIAMS, JOLLY and HILL, Circuit Judges.

PER CURIAM:

The original plaintiff, Norman T. Strain, d/b/a Trans Texas Tire, brought an asserted diversity jurisdiction suit against Harrelson Rubber Co. He alleged several state causes of action and sought money damages. After a bench trial, the district court *sua sponte* added as a party plaintiff Trans Texas Tire, Inc., because Strain had formed and incorporated Trans Texas Tire, Inc., either just before or during the pendency of the suit. The corporation took over the assets and operations of his sole proprietorship. Strain's complaint had not mentioned Trans Texas Tire, Inc. The court rendered judgment for both Strain and the corporation on some of their claims.

 We raise an issue *sua sponte:* Does the complaint establish subject matter jurisdiction over the plaintiffs' claims? *See Illinois Central Gulf Railroad v. Pargas, Inc.*, 706 F.2d 633, 635 (5th Cir.1983) (raising question "[o]n our own motion"); *American Motorists Insurance Co. v. American Employers' Insurance Co.*, 600 F.2d 15, 16 (5th Cir.1979). Fed.R.Civ.P. 8(a)(1) provides that pleadings must allege the basis of jurisdiction. In his complaint,

Strain claimed diversity of citizenship, *see* 28 U.S.C. § 1332 (1976), as the jurisdictional basis. The complaint, however, alleged residency rather than citizenship. It is established that an allegation of residency does not satisfy the requirement of an allegation of citizenship. *Kerney v. Fort Griffin Fandangle Ass'n*, 624 F.2d 717, 719 (5th Cir.1980); *Delome v. Union Barge Line*, 444 F.2d 225, 233 (5th Cir.), *cert. denied*, 404 U.S. 995, 92 S.Ct. 534, 30 L.Ed.2d 547 (1971). Thus, Strain did not carry his burden of pleading diverse citizenship. *See Pargas, Inc.*, 706 F.2d at 636; *Kerney*, 624 F.2d at 719; *Toms v. Country Quality Meats, Inc.*, 610 F.2d 313, 316 (5th Cir.1980) (holding that plaintiff must plead citizenship "distinctly and affirmatively"); *American Motorists*, 600 F.2d at 16. The district court, therefore, erred in exercising jurisdiction over Strain's claims.

 The same conclusion applies to the claims of Trans Texas. The pleadings did not mention the corporation. They thus provided no basis for the district court's exercise of jurisdiction.[1]

 Dismissal of the case is not required. Under 28 U.S.C. § 1653 (1976), "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." Such an amendment may occur "even after judgment has been entered or an appeal taken." *Eklund v. Mora*, 410 F.2d 731, 732 (5th Cir.1969), *quoted in Pargas, Inc.*, 706 F.2d at 638. We accordingly remand[2] to the district

1. Our own careful review of the record on appeal does not cure the jurisdictional defect in plaintiffs' complaint. A court of appeals has discretion to delve into the record in search of evidence establishing diversity jurisdiction. *See McGovern v. American Airlines*, 511 F.2d 653, 654 (5th Cir.1975); *Delome v. Union Barge Line*, 444 F.2d 225, 233 (5th Cir.), *cert. denied*, 404 U.S. 995, 92 S.Ct. 534, 30 L.Ed.2d 547 (1971); *see also Vargas v. McNamara*, 608 F.2d 15, 20 n. 6 (1st Cir.1979) (treating complaint as amended by proof in record); *Baer v. United Services Automobile Ass'n*, 503 F.2d 393, 397 (2d Cir. 1974). *But cf. American Motorists Ins. Co. v. American Employers' Ins. Co.*, 600 F.2d 15, 16 (5th Cir.1979) (reviewing pleadings only in case on appeal after trial). But we find nothing in

the record that establishes the existence of diverse citizenship.

2. That this court learned of the defect in the pleadings through its own review of the record counsels against allowing plaintiffs to amend on appeal. *See Joiner v. Diamond M Drilling Co.*, 688 F.2d 256, 264 & n. 2 (5th Cir.1982) (remanding for amendment and noting plaintiffs' failure to seek amendment at oral argument); *cf. Sheehan v. Army and Air Force Exchange Service*, 619 F.2d 1132, 1137 n. 7 (5th Cir.1980) (allowing amendment where party raised issue before court of appeals), *rev'd on other grounds*, 456 U.S. 728, 102 S.Ct. 2118, 72 L.Ed.2d 520 (1982); *Niagara Fire Ins. Co. v. Dyess Furniture Co.*, 292 F.2d 232, 232–33 (5th Cir.1961). Given that our

court for determination of whether jurisdictional grounds exist as to both Strain and Trans Texas.

We REMAND this case for proceedings consistent with this opinion, but this panel retains jurisdiction pending any further appeal.

REMANDED.

search in the record revealed nothing to cure the defect, *see supra* note 1, and that we do not sit to receive new evidence, remanding the case serves the rule that the pleader bears the burden of establishing jurisdiction and conforms to our role as an appellate tribunal.