JOHNSON, Circuit Judge,
concurring in part and dissenting in part:
The majority herein is correct in holding that this case must be reversed and remanded because the jury was not properly instructed as to the elements of recovery under a premises liability theory. This writer also agrees that a federal court sitting in diversity should not adopt the novel defense presented by Kirby that would apply the law governing vendors of real estate to vendors of personal property. Accordingly, this writer concurs with Parts IIA and IIC of the majority’s opinion. However, in my view, the majority goes astray in Part IIB by allowing a disclaimer of warranties to affect the respective tort duties between the defendants. Hence, I respectfully dissent from this portion of the majority’s opinion.

DISCUSSION

THE AS IS CLAUSE
Without considering the “as is” nature of the sale of this equipment,[1] the jury found that Kirby, the seller and. premises owner, was 95% negligent; that Hood, the buyer, was 0% negligent; and that Folks, the plaintiff, was 5% negligent. The issue to be decided herein is whether consideration of the “as is” provision in the sale of this equipment from Kirby to Hood can affect that apportionment of tort liability. In Part IIB of its opinion, the majority concludes that it does.
In the majority’s view, an “as is” provision acts not only to disclaim any implied warranties under the sales contract, but it also spills over into the tort realm by changing the relative standards of care owed by the defendants. The majority reaches this conclusion because it believes that selling a product “as is” makes a negative comment about that product’s safety. Hence, the majority holds today that, in the presence of an “as is” clause, a prudent buyer is obligated to exercise greater care concerning the product’s safety and the seller is excused when the buyer fails to exercise that greater amount of care.[2]
This holding not only has no support whatsoever in Texas law, but it is also completely wrong. The product’s safety is a tort con *1184 cern. Contrary to the majority’s holding, warranties, and more specifically here, “as is” clauses, have always been focused on the product’s value and not the product’s safety. See East River S.S. Corp. v. Transamerica Delaval, Inc., 476 U.S. 858, 872, 106 S.Ct. 2295, 2303, 90 L.Ed.2d 865 (1986).
Under the Commercial Code, warranties are designed to provide a remedy when a product fails to measure up to the seller’s representations of quality. Mid-Continent Aircraft Corp. v. Curry County Spraying Service, Inc., 572 S.W.2d 308, 313 (Tex.1978); Nobility Homes of Texas, Inc. v. Shivers, 557 S.W.2d 77, 80 (Tex.1977). Disclaiming warranties by an “as is” clause[3] only indicates that the seller makes no implied representation that the product will perform satisfactorily thus shifting the economic risk of product quality from the seller to the buyer. Tex.Bus. & Com.Code Ann. § 2.316(c)(1) (Tex. UCC) (Vernon 1968); See also Mid-Continent, 572 S.W.2d at 313. Indeed, this Court has recognized that a disclaimer of contractual warranties does not affect claims based on negligence. Illinois C.G.R. Co. v. Pargas, Inc., 722 F.2d 253, 255 (5th Cir.1984).[4]
In short, when a seller sells a product “as is,” he negates implied warranties. The seller does not avoid liability for his own negligence. In order for the seller to shift liability for the consequences of his own negligence, in Texas he must express that intent in specific terms in the contract. Ethyl Corp., 725 S.W.2d at 708.[5]
Lastly, to allow an “as is” disclaimer of warranties to affect tort duties under Texas law would improperly blend tort and contract in the products area. Texas courts have consistently attempted to keep these theories distinct. Garcia v. Texas Instruments, Inc., 610 S.W.2d 456, 451 (Tex.1980); Nobility Homes, 557 S.W.2d at 80; Mid-Continent, 572 S.W.2d at 312. Sitting in diversity, this Court has no authority to do that which the Texas courts have determined to be inappropriate. This Court should not mix apples and oranges of tort law and warranty law. Thus, in this writer’s view, the district court did not err at all in instructing the jury that the contract provisions were not relevant.

CONCLUSION

The majority is correct that this case must be reversed and remanded as the jury was not properly instructed as to the elements of premises liability. However, in my view, the district court did not err in limiting the relevance of the “as is” clause. Under Texas law, which we must follow, that clause did not affect the percentage of liability assigned to each defendant in this negligence action. For this reason, this writer is compelled to dissent from Part IIB of the majority’s opinion.

. The majority contends that the trial judge's actions effectively removed from the jury's consideration evidence as to the “as is” nature of the sale. For purposes of this dissent, this will be taken as true.

. The majority takes issue with this characterization of its holding. Specifically, the majority ■ states that it is not holding that the duty of care "owed by a buyer necessarily changes in the presence of an 'as is’ clause.” Maj. op. at n. 16 (emphasis added). This equivocal statement is unlikely to ease a buyer's fears because the only possible effect of this evidence is for juries to raise the buyer's duty and lessen the seller's. The only comfort that the majority offers buyers is that the majority does not mandate that juries do so.

. Absent an "as is” or similar clause, the seller of a product impliedly warrants that the product is merchantable, Tex.Bus. & Com.Code Ann. § 2.314 (Tex. UCC) (Vernon 1968), and that the product is fit for the particular purpose for which it is sold, Id. at § 2.315.

. Even though the Court in Pargas recognized that, as a general rule, disclaimers of contractual warranties do not affect negligence claims, the Court found that Illinois, whose law it was construing, would not follow that rule. This is because, unlike most states, Illinois did not require a specific reference to negligence for a valid contractual disclaimer of a party’s own negligence. Id.
By contrast, Texas does specifically require an express reference to negligence in a contractual disclaimer. Ethyl Corp. v. Daniel Constr. Co., 725 S.W.2d 705, 708 (Tex.1987).

. The majority recognizes in Part IIB of its opinion that the contract did not meet the standards outlined in Ethyl Corp. However, it attempts an end run around these requirements seeking to reach the same result through the "as is" clause.