**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 94-20084**
**Summary Calendar**
_____

**DAVID F. COURY,**

**Plaintiff-Appellee,**
**Cross-Appellant,**

**VERSUS**

**ALAIN PROT,**

**Defendant-Appellant,**
**Cross-Appellee.**

_____

**Appeals from the United States District Court**
**for the Southern District of Texas**
**(CA-H-92-1915)**
_____

(November 3, 1994)

Before JONES, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[1]

In April 1992, David Coury sued Alain Prot in Texas state court seeking to enforce a contract arising out of Coury's testimony as an expert witness in another proceeding. Prot removed the action to federal district court, claiming that he was "a citizen of France and is domiciled there".[2] Accordingly, because

---

[1]    Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

[2]    In his removal petition, Prot also stated that he was a "dual-citizen both of France and the United States however, significantly prior to the time that suit was filed against him he became

Coury's domicile was in California, Prot claimed diversity of citizenship existed pursuant to 28 U.S.C. § 1332(a)(2), the "alienage provision".[3]

After suffering an adverse judgment, Prot asserted that the district court may have lacked subject matter jurisdiction, *viz.*, no diversity jurisdiction. Compounding the matter further, Prot indicated, in post-judgment proceedings, that he had only been residing temporarily in France, without any intention of establishing a new permanent residence; he intended to return one day to his homestead in Texas. The problem arises because of Prot's dual citizenship and his alleged domicile in France. If a person is a United States citizen but domiciled abroad, then he is not a citizen of any state; diversity jurisdiction under § 28 U.S.C. § 1332(a)(1) (cases between citizens of different states) fails. **Smith v. Carter**, 545 F.2d 909 (5th Cir.), *cert. denied*, 431 U.S. 955 (1977). If Prot's domicile was Texas, although removal

_____

domiciled in France."

Of course, had Prot claimed his domicile was Texas, removal would have been improper. 28 U.S.C. § 1441(b) (a defendant may not remove a state action to federal court if the defendant is a citizen of the state in which the action is filed). In such a scenario, Coury would have been required to seek a remand of the action to state court within 30 days of the removal. 28 U.S.C. § 1447(c).

[3]   28 U.S.C. § 1332(a) provides, in pertinent part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between ...
>
> (2) citizens of a State and citizens or subjects of a foreign state ....

- 2 -

may have been improper, subject matter jurisdiction would not be lacking. *Grubbs v. General Elec. Credit Corp.*, 405 U.S. 699, 702 (1972).

As is more than well-established, lack of subject matter jurisdiction can be raised by any party at any time, even on appeal. On this record, we cannot determine Prot's domicile at the time the complaint was filed. We therefore remand this action to the district court for it to determine whether subject matter jurisdiction exists. *Von Dunser v. Aronoff*, 915 F.2d 1071 (6th Cir. 1990); *see Illinois Cent. Gulf R.R. v. Pargas, Inc.*, 706 F.2d 633 (5th Cir. 1983).

If, after resolving the issue of Prot's domicile, *see Ynclan v. Department of the Air Force*, 943 F.2d 1388, 1390 (5th Cir. 1991), the district court finds that jursidiction does exist, the action is to be returned to this court for disposition. If, on the other hand, it finds jurisdiction lacking, the district court must, of course, vacate its judgment.

The action is **REMANDED** for proceedings consistent with this opinion.