**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 15, 2003**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40420
Summary Calendar

OLIVIA PELAYO, For Herself and as
Representative of the Estate of Javier Pelayo,

Plaintiff-Appellee,

versus

U.S. BORDER PATROL AGENT # 1; ET AL,

Defendants,

PAUL LABADIE, U.S. Border Patrol Agent, in his individual
capacity; CHRISTOPHER J. BRAND, U.S. Border Patrol Agent,
in his individual capacity; MATTHEW D. STONE, U.S. Border
Patrol Agent, in his individual capacity; LUCILA C. GARZA,
U.S. Immigration Inspector, in her individual capacity,

Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(M-00-CV-140)
(M-01-CV-35)
--------------------

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Border Patrol Agents Labadie, Brand, and Stone, and

Immigration Inspector Garza appeal from the denial of their FED. R.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cɪv. P. 12(b)(6) motion to dismiss plaintiff's <u>Bivens</u>[1] suit based on qualified immunity. Plaintiff brought suit following the death of her son, Javier Pelayo, who allegedly had a mental disability and died after being wrongfully processed and deported as an illegal alien by the defendants. The defendants argue that plaintiff failed to allege the violation of a constitutional right because Brand, Stone, and Garza were not personally involved in any alleged deprivation. They further argue that Labadie was entitled to qualified immunity because his actions were objectively reasonable.

A Rule 12(b)(6) motion may be granted "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." <u>Jackson v. City of Beaumont Police Dep't</u>, 958 F.2d 616, 618 (5th Cir. 1992). We review <u>de novo</u> a district court's ruling on a Rule 12(b)(6) motion. <u>Shipp v. McMahon</u>, 234 F.3d 907, 911 (5th Cir. 2000).

Qualified immunity shields a government official performing discretionary functions from civil liability if his conduct violates no clearly established statutory or constitutional right of which a reasonable person would have known. <u>Evans v. Ball</u>, 168 F.3d 856, 860 (5th Cir. 1999); <u>see</u> <u>also</u> <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982). We first ask whether the plaintiff has alleged the violation of a constitutional right at all. <u>Evans</u>, 168 F.3d at 860. If so, we next consider whether the constitutional

---

[1] <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).

right was clearly established and whether the defendant's conduct was objectively reasonable.  Id.

Taking the plaintiff's alleged facts as true, Garza merely received Javier Pelayo from Customs Inspector Cynthia Sandoval and handed him over to Brand and Labadie without conducting any status or immigration check and without speaking to Javier.  These facts do not allege a violation of a constitutional right. At most, plaintiff has alleged that Garza may have been negligent for failing to conduct a status check, but negligence does not constitute a constitutional violation. See County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998).

Brand allegedly received Javier along with Labadie and escorted four Mexican nationals to the bridge crossing into Mexico. Brand is not alleged to have interviewed Javier.  Stone is alleged merely to have been present in the Secondary Inspection area after Javier was processed by Labadie.  These facts do not allege personal involvement by these defendants in the violation of a constitutional right. See  Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983); see also Creamer v. Porter, 754 F.2d 1311, 1316 (5th Cir. 1985).

Plaintiff argues for the first time that Brand and Stone may have been responsible for inaccurate information on immigration forms completed by Labadie.  We will not consider a claim raised for the first time on appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

3

Labadie interviewed Javier alone in the Secondary Inspection area only a short time after Sandoval observed Javier as very disoriented, unable to answer questions, and mumbling noise. Plaintiff has alleged that Javier lacked the capacity to choose voluntary departure and waive his rights and that his lack of capacity should have been evident to Labadie. At the least, plaintiff has sufficiently alleged that Labadie violated Javier's due process rights. See Nose v. Attorney General of the United States, 993 F.2d 75, 79 (5th Cir. 1993)(waiver of right to a hearing before an immigration judge must be knowing and voluntary); 8 U.S.C. §§ 1229a, 1229c(a)(1).

The defendants argue, again for the first time on appeal, that "other evidence" in the form of deposition excerpts undermines the due process claim. Because the case was decided on a motion to dismiss and this evidence was not before the district court, we do not consider it. See United States v. Flores, 887 F.2d 543, 546 (5th Cir. 1989); see also Strain v. Harrelson Rubber Co., 742 F.2d 888, 889 n.2 (5th Cir. 1984)(appellate court "do[es] not sit to receive new evidence").

We AFFIRM the district court's denial of the motion to dismiss Labadie but VACATE the judgment with respect to Garza, Brand, and Stone, and REMAND for further proceedings consistent with this decision.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.

4