United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 10, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 04-41250
Summary Calendar

ROGER D. WOODS,

Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

Appeal from the United States District Court
for the Eastern District of Texas
(4:03-CV-99-RAS-DDB)

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This interlocutory *pro se* appeal by Roger D. Woods, Texas prisoner # 907939, is from the denial of a motion for a preliminary injunction in his federal habeas proceeding. Concomitantly, Woods seeks a certificate of appealability (COA), and he has filed a motion to supplement the record.

Woods has not established that he satisfied the four necessary factors for obtaining a preliminary injunction. *See Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991). Consequently, the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court did not abuse its discretion in denying his request for an injunction.  *See **White v. Carlucci***, 862 F.2d 1209, 1211 (5th Cir. 1989).

As for Woods' COA request, a COA is necessary only to appeal from a "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court".  28 U.S.C. § 2253(c)(1)(A) (emphasis added).  The current proceeding is an interlocutory appeal brought pursuant to 28 U.S.C. § 1292; therefore, a final order has not been rendered.  In short, a COA is not required to pursue the injunction denial.

Because the material that Woods seeks to submit in his motion to supplement was not presented to the district court, his motion to supplement is **DENIED**.  *See **United States v. Flores***, 887 F.2d 543, 546 (5th Cir. 1989); *see also **Strain v. Harrelson Rubber Co.***, 742 F.2d 888, 889-90 n.2 (5th Cir. 1984) (appellate court "do[es] not sit to receive new evidence").

Woods' appeal is frivolous; accordingly, it is **DISMISSED** pursuant to 5TH CIR. R. 42.2.