**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 93-2556
Summary Calendar


ALX EL DORADO, INC., ET AL.,

Plaintiffs-Appellants,

versus

SOUTHWEST SAVINGS AND LOAN
ASSOCIATION/FSLIC, ET AL.,

Defendants,

UNITED STATES OF AMERICA,

Defendant-Appellee.


Appeal from the United States District Court
For the Southern District of Texas
(H-87-3973)


(August 30, 1994)


Before DUHÉ, WIENER, and STEWART, Circuit Judges.

PER CURIAM[*]:

Plaintiffs-Appellants ALX El Dorado, Inc., El Dorado Associates, LTD., Red Top Inc., and Edward L. Whittenburg

---

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

(collectively, plaintiffs) sued Defendant-Appellee the United States under the Federal Tort Claims Act (FTCA).[1] Plaintiffs allege that the United States))through its agencies the Federal Deposit Insurance Corporation (FDIC), the Federal Savings and Loan Insurance Corporation (FSLIC), the Federal Home Loan Bank Board (FHLBB), the Federal Home Loan Bank Board-Dallas (FHLBB-D), and the Office of Thrift Supervision (OTS))negligently supervised two failed thrift institutions, Southwest Savings and Loan Association (Southwest) and Vernon Savings and Loan Association (Vernon).

The district court dismissed plaintiffs' suit against the United States pursuant to Rule 12(b)(6), concluding that under United States v. Gaubert[2] their claims were barred by the "discretionary function" exception to the FTCA.[3] Finding no reversible error, we affirm.

I

FACTS AND PROCEEDINGS

This case arises out of two errant real estate transactions involving plaintiffs, Vernon, and Southwest. Plaintiffs alleged, inter alia, that, as part of those transactions, the officers of Vernon and Southwest engaged in fraudulent misrepresentations and extensively breached various loan agreements and other contracts.[4]

---

[1] 28 U.S.C. §§ 1346, 2671-80.

[2] 499 U.S. 315 (1991).

[3] 28 U.S.C. § 2680(a).

[4] In addition, plaintiffs alleged and eventually obtained judgments against certain financial institutions and their officers. These defendants and plaintiffs' judgments against

2

Of significance here, plaintiffs also allege that part of this misconduct occurred during the United States's "watch," i.e., when Vernon and Southwest were under the guidance and eventual receivership of the "supervisory agent," the FSLIC.

The United States contended that the claims against it were barred by the "discretionary function" exception to the FTCA. The district court agreed, and dismissed those claims pursuant to Rule 12(b)(6). Plaintiffs timely appealed.

II

ANALYSIS

In reviewing a Rule 12(b)(6) dismissal,[5] we accept all well pleaded averments as true and we view them in the light most favorable to the plaintiff.[6] We do not affirm such a dismissal unless it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief.[7] Here, plaintiffs allege that the FHLBB placed the FSLIC as "supervisory agent" at Vernon and Southwest. Plaintiffs alleged in paragraph 125 of their complaint that

---

them are not part of this appeal.

[5]The district court's conclusion that the "discretionary function" exception applied divested it of jurisdiction over the United States; thus, the proper ground for dismissal should have been Rule 12(b)(1). See McNeily v. United States, 6 F.3d 343, 347 (5th Cir. 1993). Such technical error does not, of course, affect the disposition of this appeal.

[6]Cooper v. Sheriff, Lubbock County, Texas, 929 F.2d 1078, 1082 (5th Cir. 1991).

[7]Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Cooper, 929 F.2d at 1082.

Defendant United States was negligent by allowing loans in the amount of $25 million to inflate and expand to $195 million without the knowledge or consent of Plaintiffs all the while the United States Regulators were in charge of the failed institutions Vernon and Southwest; failing to monitor the loans at Vernon and Southwest; failing to follow its own procedures regarding advances of funds while the Defendants Vernon and the former Defendant Southwest were in receivership; failing to supervise its regulators; failing to enforce cease and desist orders; and failing to follow supervisory orders and agreements.[8]

The Supreme Court recently addressed the application of the "discretionary function" exception of the FTCA to the oversight, supervision, and management of financial institutions in United States v. Gaubert.[9] The FHLBB in Gaubert))like the FSLIC here))was extensively involved in the oversight and management of a soon-to-be failed financial institution.[10] The Supreme Court emphatically rejected any claim that "management" or "operational" decisions are excluded from the ambit of the "discretionary function" exception:

A discretionary act is one that involves choice or judgment; there is nothing in that description that refers exclusively to policymaking or planning functions. Day-to-day management of banking affairs, like the management of other businesses, regularly requires judgment as to which of a range of permissible courses is the wisest.[11]

The Court devised a two-part test for applying the "discretionary

---

[8]Paragraph 125 also concluded with the allegation that "[a]ll of such negligence was a proximate cause of actual damage to Plaintiffs."

[9]499 U.S. 315 (1991).

[10]Id. at 319-20. The regulators in Gaubert were involved in everything from arranging for the hiring of consultants on operational and financial matters to reviewing and "approving" the institutions' litigation choices.

[11]Id. at 325.

function" exception:  (1) the challenged conduct must involve an element of judgment or choice, and 2) the judgment or choice must be based on considerations of public policy.[12]

Plaintiffs' averments fail the Gaubert test.[13]  Regarding the first step, as the Gaubert Court itself noted, the relevant statutes provided the banking agencies with broad authority to supervise financial institutions; such statutes were not couched in mandatory terms.[14]  In contrast, the plaintiffs here have alleged only some generalized failures to follow mandatory rules; they have failed))either in the complaint or here on appeal))to point to even one relevant mandatory limitation on that statutory discretion.[15]

---

[12]Id. at 322, 323; McNeily, 6 F.3d at 348 (describing Gaubert test).

[13]The plaintiff must allege a claim sufficient to survive a motion to dismiss based on the "discretionary function" exception.  E.g., Gaubert, 499 U.S. at 327; McNeily, 6 F.3d at 347-49.

[14]Gaubert at 329.  During the relevant period in the complaint, Vernon and Southwest were regulated by the FHLBB and were subject to the statutes discussed in Gaubert.  Among other things, the FHLBB had sole discretion to allow troubled institutions to operate under FHLBB supervision or to determine that an institution was insolvent and to place it into receivership.  12 U.S.C. § 1464.  The "supervisory agent" and the ultimate receiver here, the FSLIC, had broad powers to liquidate such institution in an orderly manner or to make such other disposition of the matter as it deemed to be in the best interests of the institution, its savers, and the Corporation. 12 U.S.C. § 1729(b)(1).  The foregoing statutes have since been amended or repealed by the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA), which has placed similar discretion in different federal banking agencies.  See generally FIRREA, Pub. L. No. 101-73, 103 Stat. 183 (1989).

[15]The only "mandatory-sounding" items in this complaint involve the FHLBB's purported negligent failure to supervise, i.e., failure to require Vernon and Southwest to comply with the FHLBB's procedures, cease and desist orders,and supervisory

Such averments are insufficient, in themselves, to defeat the first part of the <u>Gaubert</u> test.[16]

As for the second element, <u>Gaubert</u> instructs that

[w]hen established governmental policy, as expressed or implied by statute, regulation, or agency guidelines, allows a Government agent to exercise discretion, <u>it must be presumed that the agent's acts are grounded in policy when exercising that discretion</u>. For a complaint to survive a motion to dismiss, it must allege facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime.[17]

Here, the plaintiffs have alleged nothing that would suggest that the statutory discretion exercised by the banking agencies))whether or not exercised negligently))was not based on considerations of public policy. Accordingly, plaintiffs' averments fail the second part of the <u>Gaubert</u> test.

III

CONCLUSION

The claimed negligent conduct of the banking agencies of the United States falls within the "discretionary function" exception

---

orders. Such a claim is frivolous. We held even before <u>Gaubert</u> that the claimed <u>failure</u> of a banking agency to supervise is protected by the "discretionary function" exception. <u>FDIC v. Mmahat</u>, 907 F.2d 546, 552 (5th Cir. 1990), <u>cert. denied</u>, 499 U.S. 936 (1991).

Plaintiffs also complain that the district court abused its discretion in denying them leave to amend their complaint. As plaintiffs have failed to identify even one thing regarding any supposed "mandatory" limits that would have been alleged differently, we find this contention to be without merit.

[16]<u>Cf.</u> <u>McNeily</u>, 6 F.3d at 349 (affirming Rule 12(b) dismissal based on holding that "vague and conclusory" [sic] allegations are insufficient to defeat the sovereign immunity of the United States).

[17]<u>Gaubert</u>, 499 U.S. at 324-25 (emphasis added).

6

to the FTCA.  Therefore, the judgment of the district court dismissing all claims against the United States is AFFIRMED.