**Deanna Dozier Park COOPER**

v.

**UNITED STATES of America.**

**No. A–95–CA–241 ADA.**

United States District Court,
W.D. Texas,
Austin Division.

Aug. 31, 1995.

Steven A. Gibbins, Gibbins, Winckler & Harvey, Austin, TX, for plaintiff.

Ernest C. Garcia, Assistant U.S. Attorney, Austin, TX, for defendant.

## AMENDED ORDER

ALBRIGHT, United States Magistrate Judge.

Before the Court is the Defendant United States of America's Motion to Dismiss, or in the alternative, for Summary Judgment filed on July 28, 1995 (Clerk's Docket No. 7). The Plaintiff Deanna Dozier Park Cooper filed her Response on August 7, 1995 (Clerk's Docket No. 15). The Court will also address the Defendant's Motion to Stay Discovery filed on August 17, 1995 (Clerk's Docket No. 19).

The Plaintiff has filed this cause of action pursuant to the Federal Torts Claims Act ("FTCA") for compensation for personal injuries. The Plaintiff alleges she suffered emotional distress when a postal worker, Ronald Eudy, exposed his genitalia to her. The Plaintiff has sued only the United States in this case under a theory of *respondeat superior*. The Plaintiff claims that the United States is liable to her, first because the United States was negligent in its decision to hire or retain Mr. Eudy; and second, that Mr. Eudy was in the course and scope of his employment at the time of the alleged act. The Defendant argues that it has no liability for Plaintiff's claim of negligent hiring and/or negligent retention of Mr. Eudy. The Defendant argues first that the Plaintiff has failed to allege any facts that would support her contention that the Defendant was negligent in its decision to hire Mr. Eudy.

The summary judgment evidence establishes that the Postal Service hired Mr.

Eudy on July 5, 1986. On November 24, 1993, Mr. Eudy allegedly displayed his penis to the Plaintiff. The Defendant argues that there is no evidence that it knew or could have known at the time it hired Mr. Eudy that he had or might have had a propensity to engage in inappropriate sexual behavior. Mr. Eudy had never been arrested for any inappropriate conduct prior to July 5, 1986. The Plaintiff has offered no summary judgment evidence that would support her claim that the Defendant was negligent in its decision to hire Mr. Eudy.

■ The Plaintiff has also offered no summary judgment evidence to support her argument that the Defendant was negligent for retaining Mr. Eudy.[1] She argues that the Defendant "continued to employ Eudy without investigating into his record in spite of the fact that at perhaps two different agencies had been investigating this same prior incident." *See* Page 2 of Plaintiff's Brief in Opposition. This argument does not legally support a claim of negligent retention. The Plaintiff has not cited any legal authority which would require the Defendant to routinely check the public records to learn if any of its employees have been arrested. The Plaintiff has not alleged or offered any summary judgment evidence that the Postal Service ever received any complaint of inappropriate conduct concerning Mr. Eudy prior to November 24, 1993.

The Court next addresses the Defendant's argument that it cannot be held liable to the Plaintiff under the FTCA on the basis of the discretionary function exception, 28 U.S.C. § 2680(a). The Defendant argues that the decision by the Postal Service to hire federal postal employees is a discretionary function. 39 U.S.C. § 1001(b). The Defendant argues that the United States cannot be held liable under a theory of negligent hiring or a theory of negligent retention. The Defendant cites the Court to the case of *United States v. Gaubert*, 499 U.S. 315, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991). The Government argues that *Gaubert* provides immunity from liability so long as the governmental entity is exercising a discretionary function—in this

case the method in which the Postal Service hired and retained employees. The Government argues that the Court lacks subject matter jurisdiction over the Plaintiff's claims of negligent hiring and retention.

■ Texas law provides that an employer may be held liable under a theory of respondeat superior only when the employee's wrongful conduct (1) is within the scope of his general authority; (2) is in furtherance of the employer's business; and (3) is for the accomplishment of the objective for which the employee was hired. *Robertson Tank Lines, Inc. v. Van Cleave*, 468 S.W.2d 354, 357 (Tex.1971). The Defendant argues, as one might expect, that a letter carrier's job description is devoid of any mention of exposure of genitalia to the public. The purpose of a letter carrier is to deliver the mail, not expose his genitalia. The Defendant has cited a host of cases in which courts have held that an employer is not liable when an employee commits an intentional act, such as exposing his genitals to a member of the general public, because the wrongful act is completely outside of the course and scope of his employment.

The Plaintiff responds that the Defendant had information, prior to the date involved in this lawsuit, that Mr. Eudy had exposed himself to another apartment dweller. In fact, Mr. Eudy had pled guilty to the offense of disorderly conduct. The Plaintiff argues that the Defendant had constructive notice of the wrongful conduct if the information is available in public records. The Plaintiff also argues that the decision to hire and/or retain an employee is not a discretionary governmental function. Finally, the Plaintiff argues that the Defendant may be liable for the actions of an employee if the Plaintiff can establish the torts of negligent hiring and/or negligent retention.

■ There is no evidence that Mr. Eudy had any prior criminal record at the time that the Postal Service hired him on July 5, 1986. Therefore, the Court dismisses any claim that the Plaintiff has made for negligent hiring. The Court has carefully re-

---

1. In the Plaintiff's Brief in Opposition to the Defendant's Motion to Dismiss the Plaintiff makes a passing reference to Defendant's alleged failure to supervise Mr. Eudy. The Court has carefully reviewed the Plaintiff's First Amended Original Complaint and can find no allegation of negligent supervision.

viewed the Supreme Court's holding in *United States v. Gaubert*, 499 U.S. 315, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991). In *Gaubert*, the Supreme Court wrote that the discretionary function exception covers acts that involve an element of judgment or choice when there is no statute, regulation, or policy that specifically prescribes a course of action; and when the actions and decisions are based on considerations of public policy. *Id.* at 321–24, 111 S.Ct. at 1273–74. In this case, the Postal Service regulations or guidelines provide the Postal Service and its employees discretion in hiring and retaining employees. The existence of these guidelines creates a strong presumption that a discretionary act authorized by the guidelines involves consideration of the same policies that led to the promulgation of the guidelines. Therefore, the court must presume that the agency's actions are grounded in policy when exercising that discretion. *Gaubert*, at 323–24, 111 S.Ct. at 1274;[2] and *ALX El Dorado, Inc. v. Southwest Savings & Loan Assn.*, 36 F.3d 409, 412 (5th Cir.1994).

The Court finds that the Plaintiff's claims fail to survive the test set out in *Gaubert*, as analyzed in *ALX*. The Court lacks subject matter jurisdiction over the Plaintiff's claim of negligent hiring and retention, and dismisses that part of the Plaintiff's claims.

▬ The Court next addresses the Defendant's Motion to Dismiss the Plaintiff's claim for intentional infliction of emotional distress. Under the FTCA, the United States can only be held liable under a theory of respondeat superior if the employee's acts: (1) fall within the scope of his general authority, (2) are in furtherance of the employer's business, and (3) are for the accomplishment of the object for which the employee was hired. Needless to say, the Defendant argues that exposing one's genitalia falls outside the scope of a letter carrier's general authority and provides no benefit to a letter carrier's employer. The Defendant also argues that said obscene act would be outside the purpose of the United States Postal Service. The Court finds that the Defendant has established, as a matter of law, that the alleged conduct was outside of the scope of the services provided by the Postal Service. Therefore, the Court holds that the United States, as his employer, is not liable for this alleged action on the part of Mr. Eudy. The Court GRANTS the Defendant's Motion for Summary Judgment on this issue.

The Court GRANTS the Defendant's Motion to Dismiss the Plaintiff's claim that the United States was negligent in hiring or retaining Mr. Eudy. The Court GRANTS the Defendant's Motion for Summary Judgment on the issue of whether Mr. Eudy was in the course and scope of his employment. The Court GRANTS the Defendant's Motion to Stay Discovery.

▬

---

2. The Court in *Gaubert* wrote:

When established governmental policy, as expressed or implied by statute, regulation, or agency guidelines, allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion. For a complaint to survive a motion to dismiss, it must allege facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime.