Betty J. WINTERS, Plaintiff,

v.

UNITED STATES of America, et al., Defendants.

No. Civ.A. G–00–190.

United States District Court, S.D. Texas, Galveston Division.

Jan. 12, 2001.

Joseph Sullivan Jaworski, Simpson Beeton et al., Galveston, TX, for Betty J Winters, plaintiff.

William Brad Howard, Office of U.S. Attorney, Houston, TX, for National Aeronautics and Space Administration, An Agency of the United States of America, defendant.

Kevin B Finkel, Johnson Finkel et al., Houston, TX, William Brad Howard, Office

of U.S. Attorney, Houston, TX, for United States of America, defendant.

Martin Samuel Schexnayder, Wilson Elser et al., Houston, TX, for EGA Products, Inc., defendant.

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

KENT, District Judge.

Plaintiff brings suit under the Federal Tort Claims Act ("FTCA") for personal injuries allegedly suffered when she fell from a ladder in her workplace. Now before the Court is a Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed on October 16, 2000 by Defendant United States of America ("United States") and Defendant National Aeronautics and Space Administration ("NASA"). For the reasons stated below, Defendants' Motion to Dismiss is **GRANTED.**

### I. FACTUAL BACKGROUND

At the time Plaintiff sustained the injuries that form the basis of this complaint, Plaintiff was working at NASA's Johnson Space Center Facility. Plaintiff did not work for NASA, but rather worked for a NASA contractor, BRSP, a non-party to this litigation. On May 12, 1999, Plaintiff ascended a ladder to remove a box from an upper shelf in "Bond Room No. 36." As Plaintiff began to descend the ladder while carrying the retrieved box, the ladder is alleged to have tilted to the right, causing Plaintiff to lose her balance and fall to the ground. Plaintiff suffered injuries that she now claims resulted from a defect in the ladder.

NASA owns the offending ladder, having purchased it in 1991. Several years after the ladder's purchase, NASA entered into the Base Operations Support Services contract ("BOSS Contract") with Plaintiff's employer, BRSP, to provide support services at the Johnson Space Center and other nearby facilities. The BOSS Contract contains several provisions relevant to this dispute. Foremost, the BOSS Contract states that NASA would provide certain facilities to BRSP for its use in performing the contract. Included among these provided facilities was the ladder that now forms the basis of Plaintiff's lawsuit. The BOSS Contract also placed certain duties on BRSP. Among these duties, according to NASA, was the responsibility for thereafter ensuring worker safety. The key provision in this regard states:

(a) The Contractor shall take all reasonable safety and health measures in performing under this contract. The Contractor shall comply with all Federal, State, and local laws applicable to safety and health in effect on the date of this contract and with the safety and health standards, specifications, reporting requirements, and provisions set forth in the contract Schedule.

48 C.F.R. § 1852.223–70(a) (incorporated by reference).

Now before the Court is a Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendants United States and NASA.[1] Defendants advance two arguments as to why their Motion to Dismiss should be granted. First, Defendants contend that Plaintiff's claim is barred by the discretionary function exception to the FTCA. Second, Defendants maintain that Plaintiff's action is barred by the contractor exception to the FTCA.

In response, Plaintiff first disputes that the contract language, quoted above, in

---

**1.** Defendants have also cast this motion, in the alternative, as a Motion to Dismiss for Failure to State a Claim or as a Motion for Summary Judgment. The Court, however, evaluates Defendants' Motion as a Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction. *See ALX El Dorado,* *Inc. v. Southwest Sav. & Loan Ass'n/FSLIC,* 36 F.3d 409, 410 n. 5 (5th Cir.1994) (noting that a Motion to Dismiss based upon governmental immunity from suit is properly viewed as one contesting subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1)).

fact delegates responsibility for worker safety to BRSP. Additionally, as the Court understands it, Plaintiff alleges that the ladder has always been defective, and thus contends that NASA's March 1997 decision to supply a faulty ladder to BRSP was itself negligent. Finally, Plaintiff asserts several federal regulations or policies, which purportedly eliminate any discretion otherwise available to NASA regarding ladder safety issues.

## II. ANALYSIS

### A. *Motion to Dismiss Standard*

 Defendants have filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1), contending that this Court lacks subject matter jurisdiction. A case is properly dismissed for lack of subject matter jurisdiction when the court lacks either the statutory or constitutional power to adjudicate the case. *See Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th. Cir.1998). The burden of proof on a motion to dismiss under Rule 12(b)(1) is on the party asserting jurisdiction. *See Strain v. Harrelson Rubber Co.,* 742 F.2d 888, 889 (5th Cir. 1984); *McDaniel v. United States,* 899 F.Supp. 305, 307 (E.D.Tex.1995), *aff'd,* 102 F.3d 551 (5th Cir.1996) (unpublished table decision).

A motion to dismiss pursuant to Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *See Home Builders,* 143 F.3d at 1010; *Benton v. United States,* 960 F.2d 19, 20 (5th Cir.1992). When considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court accepts as true all well-pleaded allegations in the complaint, and views them in a light most favorable to the plaintiff. *See Malina v. Gonzales,* 994 F.2d 1121, 1125 (5th Cir.1993). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez–Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir.1993).

### B. *Statutory Background*

It is well settled that the United States, as sovereign, is immune from suit unless it consents to be sued. *See F.D.I.C. v. Meyer,* 510 U.S. 471, 476, 114 S.Ct. 996, 1000, 127 L.Ed.2d 308 (1994); *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980); *McNeily v. United States,* 6 F.3d 343, 347 (5th Cir. 1993). One mechanism through which the United States has consented to be sued is the Federal Tort Claims. *See* 28 U.S.C. §§ 1346, 2671–80; *McNeily,* 6 F.3d at 347. The FTCA, however, represents only a limited wavier of sovereign immunity; although it is nonetheless the exclusive remedy for tort claims brought against the United States for money damages. *See* 28 U.S.C. §§ 1346(b), 2679(a); *United States v. Smith,* 499 U.S. 160, 161–62, 111 S.Ct. 1180, 1182, 113 L.Ed.2d 134 (1991). Under the FTCA, the United States can be liable for any:

> negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b). This consent to suit, granted by Congress, has been limited, however, by an array of exceptions that preclude government liability in many instances. *See* 28 U.S.C. § 2680. The Court must "strictly construe" these exceptions in favor of the government. *Truman v. United States,* 26 F.3d 592, 594 (5th Cir.1994) (citing *Atorie Air, Inc. v. Federal Aviation Admin.,* 942 F.2d 954, 958 (5th Cir.1991)). Ultimately, because these exceptions are jurisdictional in nature, if a claim falls within the scope of any one of these exceptions, the district court lacks subject matter jurisdiction and dismissal pursuant to Fed.R.Civ.P. 12(b)(1) is appropriate. *See Truman,* 26 F.3d at 594. The United States and NASA argue that

two exceptions apply to bar Plaintiff's complaint: (1) the contractor exception, 28 U.S.C. § 2671,[2] and (2) the discretionary function exception, 28 U.S.C. § 2680(a).

### C. Delegation of Safety Responsibility

■ As a threshold matter, the Court must consider whether the BOSS Contract actually delegates responsibility for workplace safety to BRSP, for the lynchpin of the government's defense is its contention that it possessed discretion to provide an allegedly faulty ladder to BRSP. In this vein, NASA contends that by incorporating 48 C.F.R. § 1852.223–70(a) into the BOSS Contract, it has successfully delegated the responsibility for workplace safety to BRSP, and that as such, it has no liability for injuries caused in the workplace by defective equipment. Plaintiff disagrees, contending that the purported delegation clause falls short, and that NASA thus has continuing potential liability for negligently providing an unsafe workplace. The Court agrees with NASA on this issue.

The BOSS Contract requires that BRSP "shall take all reasonable safety and health measures in performing under this contract." Although not an expansive explication of BRSP's responsibilities vis-a-vis NASA's, the Court is nonetheless persuaded that this language sufficiently shifts the present responsibility for workplace safety to BRSP. See Bragg v. United States, 55 F.Supp.2d 575, 586 (S.D.Miss.1999) (finding a successful delegation on similar language). The Court's conclusion is further enhanced, by examining the context of 48 C.F.R. § 1852.223–70(a) within the whole of Section 1852.223–70. This regulation explains how NASA may inspect the workplace to ensure BRSP's compliance with safety standards. See 48 C.F.R. § 1852.223–70(g). Additionally, the regulation sets forth BRSP's duty to investigate accidents, notify NASA of such incidents, make corrective measures and to perform other related obligations. See id. at § 1852.223–70(c), (d), (h). As stated, the Court concludes that NASA has delegated responsibility for workplace safety to BRSP.[3] Accordingly, the Court now turns to what effect this delegation has on Plaintiff's lawsuit.

### D. The Discretionary Function Exception

The FTCA, as discussed, is a limited waiver of sovereign immunity. It provides the Court with subject matter jurisdiction over certain tort claims and withholds jurisdiction as to other tortious acts and omissions. See United States v. Orleans, 425 U.S. 807, 813–14, 96 S.Ct. 1971, 1975–76, 48 L.Ed.2d 390 (1976); Dalehite v. United States, 346 U.S. 15, 30–34, 73 S.Ct. 956, 965–67, 97 L.Ed. 1427 (1953). Under the FTCA, there is no subject matter jurisdiction over claims:

> based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the

---

**2.** The FTCA applies only to negligent acts or omissions by an "employee of the government." 28 U.S.C. § 1346(b). Thus, the government cannot be liable for the negligence of a contractor because the contractor is, by definition, not a government employee. Plaintiff does not refute this fundamental law, but instead, in seeming recognition of this bar, has attempted to craft a case based upon NASA's own direct negligence. The Court, therefore, will, like Plaintiff, focus its analysis on the discretionary function exception. To the extent, however, that Plaintiff intended to pursue a claim for any negligence taking place after BRSP accepted responsibility for the ladder under the BOSS Contract, such as a failure to train Plaintiff in ladder safety, such claims are clearly barred by the contractor exception to the FTCA.

**3.** Defendants also point to BRSP's obligation to "replace [any provided facilities] that reach the end of their useful life during the contract period" at BRSP's expense as indicating BRSP's responsibility for the ladder and its safety. In response, Plaintiff argues that this clause is merely a "cost-allocation" provision, having no bearing on safety responsibility. The Court finds Plaintiff's point well taken, but ultimately inapposite as the incorporation of 48 C.F.R. § 1852.223–70 into the contract alone serves to delegate safety responsibilities to BRSP.

part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a). This exception to the waiver of immunity is commonly referred to as the "discretionary function exception." *See, e.g., Buchanan v. United States*, 915 F.2d 969, 970 (5th Cir .1990).

The Supreme Court set forth a method for analyzing the applicability of this exception in *United States v. Gaubert*, 499 U.S. 315, 319–22, 111 S.Ct. 1267, 1272–74, 113 L.Ed.2d 335 (1991) (holding that there are two basic elements to the exception). First, the exception applies to acts that involve an element of judgment or choice. *See id.* at 322, 111 S.Ct. at 1273. Thus, the government's conduct must not have involved mandatory compliance with a particular federal statute, regulation or policy. *See id.* Second, the challenged conduct must be of the type that the discretionary function exception was designed to shield, that is actions "based on considerations of public policy." *Id.* at 319–20, 323, 111 S.Ct. at 1272, 1274.

This case presents the Court with a scenario in which the government made choices of varying scope. The broadest choice involved NASA's discretionary decision to procure base support services from an independent contractor. Needless to say, in order to accomplish its goal, NASA was required to make several other more specific choices. First, NASA determined that it would provide existing facilities for BRSP to use in performing the BOSS Contract. As part of the contract, NASA also delegated responsibility for workplace safety to BRSP. Ultimately, NASA also made a choice, wrapped up in the discretionary decisions mentioned, and now attacked by Plaintiff, to supply an allegedly defective ladder to BRSP without having undertaken any safety inspection. NASA now argues that the net result of all these policy choices is its elimination of any government responsibility for injuries caused by defective equipment provided for the use of BRSP.

Each of the decisions recited by NASA inevitably involves an element of judgment or choice, unless a federal statute, regulation or policy prescribes or prohibits some course of action. Accordingly, Plaintiff contends, as she must, that several regulations place an affirmative obligation on NASA to ensure the safety of this ladder. *See ALX El Dorado, Inc. v. Southwest Sav. & Loan Ass'n/FSLIC*, 36 F.3d 409, 411–12 (5th Cir.1994) (affirming dismissal based upon plaintiff's failure to point to a relevant mandatory limitation on the government's statutory discretion). These arguments fail. For example, Plaintiff points to a NASA policy stating that "NASA Installations will ensure that Installation procedures are established to effectively examine and consider equipment reutilization and redistribution." This policy, however, focuses on cost effective use of equipment.[4] It can hardly be said to mandate that NASA monitor the safety of equipment provided to contractors. Likewise, a policy stating that "[e]ach Installation will provide appropriate procedures to require that equipment is effectively maintained and repaired to ensure optimum and safe operation" does not mandate a safety evaluation in advance of providing equipment to a contractor. To the extent that this policy requires affirmative safety action by NASA, it seems that NASA has fulfilled this obligation by delegating this responsibility to BRSP. Plaintiff also urges that several federal regulations set forth ladder safety rules that eliminate NASA's discretion to provide this allegedly defective ladder to BRSP. Assuming the applicability of these regulations to this situation, they nevertheless do not contravene NASA's authority to have delegated safety responsibilities, even over potentially defective equipment to BRSP. Moreover, any

---

**4.** Somewhat inconsistently, Plaintiff made a similar cost-allocation argument in the converse when it favored her position with regard to interpretation of another issue. *See* discussion, supra note 3.

failure to provide Plaintiff with "ladder safety training" or establish "an effective ladder safety program" rests with BRSP, not with NASA, and would of course be barred by the contractor exception to the FTCA.

In sum, once NASA determined, in its discretion, to procure base support services, and that it was in its interest to provide facilities to BRSP in that regard, it had the further discretion to determine whether and, if so, to what extent it would inspect those facilities prior to their provision. *See United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 814–16, 104 S.Ct. 2755, 2764–66, 81 L.Ed.2d 660 (1984) (holding it within FAA's discretion to promulgate a safety "spot check" program). If federal law or regulations required the government to conduct a full safety inspection of all equipment prior to providing it to contractors for use, the government could be liable for failing to do so. *See Berkovitz v. United States*, 486 U.S. 531, 543, 108 S.Ct. 1954, 1962, 100 L.Ed.2d 531 (1988) (holding that the government may be liable when regulations set forth a course of conduct that it fails to follow). Similarly, if federal law required the government to provide flawless equipment to contractors, the government could be found liable for a failure in this regard. In this case, however, no such restrictions hamper NASA's ability to choose the contours of its contract to acquire needed base support services, and thus NASA's various actions may be properly characterized as involving an element or judgment or choice under the *Gaubert* framework.

The second part of the *Gaubert* inquiry deals with the policy underlying the government's discretionary act. "When established governmental policy ... allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion." *Gaubert*, 499 U.S. at 324, 111 S.Ct. at 1274. Therefore, in order for a plaintiff's complaint to survive the government's motion to dismiss, the complaint "must allege facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime." *Id.* at 324–25, 111 S.Ct. at 1274–75. In making this evaluation, the Court must focus on "the nature of the actions taken and on whether they are susceptible to policy analysis." *Id.* at 325, 111 S.Ct. at 1275.

NASA is in the business of putting people into space, not of retrieving file boxes or monitoring ladder safety. Thus, NASA opted to hire an independent contractor to perform many administrative functions that clearly have little to do with launching the Space Shuttle or operating the International Space Station. In so doing, NASA sensibly determined that its independent contractor would be in the best position to ensure workplace safety in a cost efficient manner, and thus chose to hand over facilities on an essentially "as is" basis. It is unavailing for Plaintiff to argue that, in exercising its discretion, NASA acted negligently for that is precisely the type of action this exception protects. *See ALX El Dorado*, 36 F.3d at 412. This is not, contrary to Plaintiff's insistence, a case like those in which a government employee negligently drives a government vehicle and injures someone, in which the government cannot validly assert that a policy decision had been made. *See Gaubert*, 499 U.S. at 325 n. 7, 111 S.Ct. at 1275 n. 7. The provision of existing facilities to BRSP would obviously save NASA money versus requiring BRSP to supply all facilities, and when coupled with the delegation of safety responsibility it would make further sense, from the standpoint of cost-efficiency and safety assurance, to not inspect provided facilities. Scores of cases have held that when a government agency disposes of property, even property that it knows to be dangerous, broad policy justifications may subsume legitimate safety concerns. *See, e.g., Cazales v. Lecon, Inc.*, 994 F.Supp. 765,

772–73 (S.D.Tex.1997) (collecting authorities); *Ford v. American Motors Corp.*, 770 F.2d 465, 466–68 (5th Cir.1985) (holding that the government's decision not to warn purchasers of used postal vehicles of the vehicles' greater than normal roll-over risk was discretionary); *Smith v. Johns–Manville Corp.*, 795 F.2d 301, 308 (3d Cir.1986) (finding that the government's decision to sell surplus asbestos "as is" was discretionary).

In this matter, NASA's decision to exercise its discretion to provide uninspected property to a contractor as part of an agreement by which the contractor would ensure workplace safety was clearly grounded in public policy. *See Baldassaro v. United States*, 64 F.3d 206, 211–12 (5th Cir.1995) (suggesting that safety considerations may be encompassed by efficiency based policy decisions). Therefore, after providing the ladder to BRSP, and charging BRSP with maintaining safety, NASA effectively washed its hands of the ladder, at least with respect to injuries suffered by BRSP employees. *See Bragg*, 55 F.Supp.2d at 585–86 (finding the government to be immune from liability based upon a premises defect when the government had delegated safety responsibility to a contractor); *see also Cazales*, 994 F.Supp. at 773–74 (holding it within the government's discretion to determine the extent to which it informed its independent contractor of known workplace hazards); *Gotha v. United States*, 929 F.Supp. 207, 212 n. 4 (D.Vi.1996), *rev'd on other grounds*, 115 F.3d 176 (3d Cir.1997) (noting that the government could not be held liable for a contractor's failed obligation to maintain a safe facility). The Court must reject Plaintiff's attempt to "overly parse" NASA's actions. *See Baldassaro*, 64 F.3d at 211–12 (rejecting a plaintiff's attempts to "parse" government actions such that they become attenuated from their policy justifications).

### III. CONCLUSION

Plaintiff has crafted a clever argument in an effort to avoid the occasionally harsh effects of the Federal Tort Claims Act. In this case, however, Plaintiff's argument fails. NASA was entitled to procure contract support services, and in so doing could choose to provide equipment to BRSP, to make such a provision without first inspecting the equipment for defects, and, further, to delegate responsibility for ensuring workplace safety to BRSP. To accept Plaintiff's arguments in this case would, moreover, eviscerate the crucial ability of government agencies like NASA to delegate important, but ultimately secondary responsibilities to independent contractors. Unlike many instances under the FTCA, here the result seems entirely fair. Plaintiff simply cannot complain that NASA was negligent in making the policy choices it made in its efforts to procure base support services in an efficient manner. Additionally, in this instance, Plaintiff's employer was in charge of safety, and to the extent that BRSP was negligent, Plaintiff would seem to have a cause of action against BRSP. Therefore, as discussed above, the United States' and NASA's Motion to Dismiss for Lack of Subject Matter Jurisdiction is **GRANTED**. All of Plaintiff's claims versus the United States and NASA are hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**