IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30529
Summary Calendar
_____


SANDRA M DUET, wife of/and; GLEN C. DUET

　　　　　Plaintiffs - Appellants

　　v.

UNITED STATES OF AMERICA

　　　　　Defendant - Appellee
_____

RHONDA BARCELONA; JOHN M BARCELONA

　　　　　Plaintiffs - Appellants

　　v.

UNITED STATES OF AMERICA

　　　　　Defendant - Appellee

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 00-CV-714
USDC No. 00-CV-1397
--------------------
October 4, 2001

Before KING, Chief Judge, and HIGGINBOTHAM and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

　　Glen and Sandra Duet and Rhonda and John Barcelona appeal

the district court's summary judgment in favor of the United

_____

　　[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

States, dismissing their civil actions filed pursuant to the Federal Tort Claims Act seeking to recover for property damage allegedly caused during the construction of the Avenue D canal flood-control project in Marrero, Louisiana. They argue that the district court erred in denying them a continuance pursuant to Fed. R. Civ. P. 56(f) to enable them to conduct additional discovery. Because the Duets and Barcelonas did not explain exactly what additional discovery was necessary or show that additional discovery would produce evidence creating a genuine issue of material fact, the district court did not abuse its discretion in denying such a continuance. See Access Telecom v. MCI Telecommunications Corp., 197 F.3d 694, 720 (5th Cir. 1999).

The Duets and Barcelonas argue that the district court erred in holding that the discretionary-function exception precluded their action against the Government for negligence. Because Congress gave the United States Corps of Engineers discretion in planning, approving the design, and constructing the Avenue D canal project, the district court did not err in holding that the discretionary function exception applies to the Corps' actions taken in connection with the project. See United States v. Gaubert, 499 U.S. 315, 322 (1991); ALX El Dorado, Inc. v. Southwest Sav. & Loan Ass'n, 36 F.3d 409, 411 (5th Cir. 1994).

AFFIRMED.